UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

DAVID R. DYSON, )
      Plaintiff, )
 )
v. ) CAUSE NO.: 2:14-CV-389-JD-PRC
 )
PATRICK DONAHOE, sued in his official )
capacity as Post Master General, et al., )
      Defendants. )

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's FRCP Rule 15(a)(2) Motion Requesting Leave to File Verified Second Amended Complaint [DE 32], filed by pro se Plaintiff David R. Dyson on June 22, 2015. Defendants filed a response on July 1, 2015. Plaintiff has not filed a reply, and the time to do so has passed.

On April 24, 2014, Plaintiff filed a Pro Se Complaint and, on February 10, 2015, filed a Verified First Amended Complaint. On May 18, 2015, Defendants filed a Joint Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction, seeking dismissal of Counts I through V of the Amended Complaint and to dismiss the United States Postal Service as a defendant in Counts VI and VII. In lieu of a response brief, Plaintiff filed the instant motion.

In the motion, Plaintiff drops his claims under 42 U.S.C. § 1981 (Count I), his claims 42 U.S.C. § 1983 (Count II) and a related *Monell* claim (Count V), and his state law claims for intentional infliction of emotional distress and negligence (Counts III and IV). Plaintiff also agrees to drop the United States Postal Service as a Defendant on Counts VI and VII. Plaintiff further seeks to amend his Title VII race and sex discrimination claims in Counts VI and VII, which are renumbered as Counts I and II in the proposed Second Amended Complaint, to cure defects in the language of those claims to establish the elements necessary to state a claim. Finally, Plaintiff seeks leave to bring two new

claims under Title VII for harassment and hostile work environment (proposed Count III) as well as retaliation (proposed Count IV). The Postmaster General is the only defendant in the proposed Second Amended Complaint.

In their response, Defendants state that they have no objection to the amendment to bring proposed Counts I and II that dismisses all defendants except the Postmaster General only. The Postmaster General does not object to the motion to amend to add Count III of the proposed Second Amended Complaint. However, the Postmaster General does object to the motion to the extent it seeks to add Count IV of the proposed Second Amended Complaint on the basis that the retaliation claim was not part of the administrative proceedings.

Federal Rule of Civil Procedure 15(a) provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has explained that "freely give" means that, in the absence of any apparent or declared reasons (e.g., undue delay, bad faith, dilatory motive), repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to an opposing party, or futility of the amendment, the court should grant leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The standard for futility is the same standard of legal sufficiency that applies under Federal Rule of Civil Procedure 12(b)(6). *See Townsel v. DISH Network LLC*, 668 F.3d 967, 969 (7th Cir. 2012); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader

is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Federal employees must satisfy the statutory prerequisites contained in Title VII, including the proper exhaustion of available administrative remedies, before pursuing a discrimination action in federal court. 42 U.S.C. § 2000e-5(f)(1); *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832-33 (1976); *Reynolds v. Tangherlini*, 737 F.3d 1093, 1099 (7th Cir. 2013). "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in [his] EEOC charge." *Cheek v. W. and S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). This includes claims that could be reasonably expected to grow out of the administrative charges. *Reynolds*, 737 F.3d at 1100 (citing *Dear v. Shinseki*, 578 F.3d 605, 609 (7th Cir. 2009)).

The Postmaster General objects to proposed Count IV on the basis that the retaliation claim was not before the Equal Employment Opportunity Commission ("EEOC") in the administrative phase of this matter. Specifically, Plaintiff's EEOC administrative complaint, which Plaintiff attached to his First Amended Complaint, does not indicate "retaliation" on the list of choices of the type of discrimination asserted. *See* (First Am. Compl., Ex. 1). Nor are there any factual allegations in the EEOC administrative complaint out of which the proposed retaliation claim could arise. The EEOC

3

administrative complaint is dated February 22, 2013, and lists the date of the alleged discrimination as October 28, 2012. The allegations of retaliation in proposed Count IV stem from alleged actions taken in retaliation for having filed the February 22, 2013 EEOC administrative complaint and occurred over the many months following the filing of the February 22, 2013 EEOC administrative complaint. Yet, there is no evidence that Plaintiff filed a subsequent EEOC administrative complaint for retaliation based on those events in 2013. In fact, Plaintiff acknowledges in the instant motion that his retaliation claim in proposed Count IV was not presented in his administrative claim before the EEOC. Thus, neither the EEOC nor the employer had an opportunity to investigate the allegations of retaliation. Therefore, the Court finds that Plaintiff failed to exhaust his administrative remedies as to the retaliation claim and denies on this basis the motion to amend to the extent Plaintiff seeks to add the claim of retaliation in Count IV.

Accordingly, the Court hereby **GRANTS in part** and **DENIES in part** Plaintiff's FRCP Rule 15(a)(2) Motion Requesting Leave to File Verified Second Amended Complaint [DE 32]. Plaintiff is granted leave to bring Counts I, II, and III only of the proposed Second Amended Complaint. The Court **ORDERS** Plaintiff to **FILE** the Second Amended Complaint, modified to comply with this Order, on or before **July 30, 2015**.

SO ORDERED this 16th day of July, 2015.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc: Plaintiff, *pro se*