UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID R. DYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:14-CV-389 JD |
| | ) |
| MEGAN J. BRENNAN, Postmaster General, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is Plaintiff David R. Dyson's motion for default judgment. [DE 40]. Mr. Dyson, who is proceeding pro se, filed this employment action on October 24, 2014. Prior to the defendants' appearances, Mr. Dyson filed a first amended complaint. Then, in response to a motion to dismiss, he moved for leave to file a second amended complaint, which the magistrate judge granted in part on July 16, 2015. Consistent with the magistrate judge's order, Mr. Dyson filed his second amended complaint on July 30, 2015. [DE 35]. However, the Postmaster, the one remaining defendant, did not file her answer until August 21, 2015, which was after the time allotted under the Federal Rules of Civil Procedure had expired. [DE 39]. Thus, Mr. Dyson filed his motion for default judgment.[1] [DE 40].

In responding to the motion for default judgment, the Postmaster acknowledges that her answer was untimely, but she argues that it was only late by four days, and that the short delay does not justify the entry of a default. In his reply, Mr. Dyson correctly notes that the Postmaster's answer was late by more than four days. In calculating the time to file an answer, the Postmaster argues that Rule 15(a)(3) allowed 14 days to answer the amended complaint, and

---

[1] Mr. Dyson's motion is not signed, as required by Rule 11(a). Since the motion is being denied on its merits, the Court need not direct Mr. Dyson to properly sign the filing.

that Rule 6(d) extended that period by 3 more days. However, as Mr. Dyson points out, Rule 6(d) only applies where the filing is served by mail or other indirect methods. Mr. Dyson served the second amended complaint by personally delivering it to defense counsel, so Rule 6(d) did not apply, and the answer was due 14 days after service on July 30, 2015, or by August 13, 2015. The Postmaster's answer on August 21, 2015 was thus filed eight days late. The postmaster also argues that due to the length of Mr. Dyson's complaint, more time was needed to respond. However, while that might have supported a motion for an extension of time, it does not explain why the Postmaster failed to either file her answer or move for an extension of time before the deadline expired.

Nonetheless, while the Postmaster's missing of the deadline is not excusable, the Court agrees that the modest delay does not warrant the harsh result of a default. Discovery has not yet commenced in this action, and the Rule 16 conference, which the magistrate judge scheduled shortly after Mr. Dyson filed his second amended complaint, is still set to take place next month. Thus, no actual delay ensued in this case as a result of the Postmaster's untimely answer. The Court reminds the Postmaster of the need to comply with the deadlines set by the Federal Rules, and warns her that future failures to comply with those deadlines may result in sanctions including default, if appropriate. At this time, however, Mr. Dyson's motion for default judgment [DE 40] is DENIED.

    SO ORDERED.

    ENTERED: September 8, 2015

                                        /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Court