UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DAVID DYSON,<br>    Plaintiff,<br><br>v.<br><br>MEGAN J. BRENNAN, Postmaster General,<br>    Defendant. | )<br>)<br>)<br>)   CAUSE NO.: 2:14-CV-389-PRC<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Defendant's Answers and Affirmative Defenses to Plaintiff's Modified Verified Third Amended Complaint Pursuant to FRCP Rule 12(f) [DE 74], filed by Plaintiff, *pro se*, on May 9, 2016. The Government filed a response on May 27, 2016, and Plaintiff filed a reply on June 6, 2016.

On April 4, 2016, Plaintiff filed a Third Amended Complaint containing 79 paragraphs. On April 22, 2016, Defendant filed an Answer. In his motion, Plaintiff asks the Court to strike numerous paragraphs of Defendant's Answer as well as all of Defendant's Affirmative Defenses.

Federal Rule of Civil Procedure 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored because such motions often only delay the proceedings. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). However, if the motion removes unnecessary clutter from the case, then the motion serves to expedite, not delay, the proceedings. *Id*.

**A. Answer**

Plaintiff asks the Court to strike Defendant's answers to paragraphs 7, 8, 12,13, 17, 18, 20, 21, 22, 23, 25, 28, 29, 31, 32, 33, 34, 35, 37, 38, 39, 43, 49, 50, 51, 53, and 56. Federal Rule of Civil

Procedure 8(b) provides that, "in responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it; and . . . admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). The rule also provides, "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(6). The Court considers each of Plaintiff's arguments in turn.

1. *Use of "Avers"*

Plaintiff asks the Court to strike the answers to Paragraphs 7, 8, 17, 18, 20, 21, 25, 29, 32, 33, 34, 35, and 38 because the paragraphs use the word "avers" instead of "admits." *See* Fed. R. Civ. P. 8(b)(1)(B). In almost all instances, Defendant uses the word "avers" when instead Defendant should use the word "admit" because in using the word "avers" Defendant is agreeing with an allegation taken directly from the paragraph of Plaintiff's Third Amended Complaint. However, the word "avers" is properly used in the first sentence of paragraphs 34 and 35 of the Answer because those sentences are factual allegations made by Defendant that are not contained in Plaintiff's paragraphs 34 and 35.

Therefore, the Court grants the Motion to Strike, in part, and strikes those portions of Paragraphs 7, 8, 17, 18, 20, 21, 25, 29, 32, 33, and 38 that use the word "aver" instead of "admit" to agree with an allegation of Plaintiff's Third Amended Complaint. Defendant is granted leave to file an Amended Answer to change "aver" to "admit" where necessary. The Court denies the Motion to Strike on this basis as to the first sentences in Paragraphs 34 and 35.

*2. Rule 11*

Plaintiff cites Federal Rule of Civil Procedure 11 not as a basis for requesting sanctions but to note that an attorney's signature is a certification of the factual contentions in the pleading. Federal Rule 11(b) provides:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

To assess the reasonableness of a party's inquiry into the factual basis of its claims, the test is whether "competent attorneys performing a reasonable investigation could not have believed in the merit of the position taken in the complaint." *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263, 1269 (7th Cir. 1993). Courts consider several other factors such as "whether the signer of the documents had sufficient time for investigation; the extent to which the attorney had to rely on his or her client for the factual foundation underlying the pleading, motion or other paper; whether the case was accepted from another attorney; the complexity of the facts and the attorney's ability to do a sufficient pre-filing investigation; and whether discovery would have

been beneficial to the development of the underlying facts." *Brown v. Fed'n of State Med. Bds.*, 830 F.2d 1429, 1435 (7th Cir. 1987).

Plaintiff argues that the second sentence of Paragraphs 7, 12, 13, 18, 21, 22, 34, 35, 37, 43, and 49 should be stricken because they claim lack of knowledge or information sufficient to form a belief about the truth of the allegation and therefore deny the allegations. Plaintiff reasons that defense counsel has been in possession of the original complaint for two years, had access to Plaintiff's personnel file, and could have reviewed the underlying EEO Complaint. Defendant responds that her answers are accurate and consistent with the recollection of the managers and supervisors involved in the relevant events. Many of these allegations refer to events, including conversations, that may have only limited related documentation in Plaintiff's personnel file or administrative proceedings.

At this stage of the litigation, with no factual development through discovery, the Court finds that Defendant's answers are relevant to the subject matter of each allegation and sufficiently respond to the allegations. The answers appear consistent with the "reasonable inquiry" expected at this stage of the litigation and will permit Plaintiff to pursue discovery. The Court denies the Motion to Strike on this basis.

*3.     Allegations Supported by Exculpatory Evidence*

Next, Plaintiff argues that Paragraphs 23, 29, 31, 39, 43, 50, 51, 53, and 56 of the Third Amended Complaint are supported by "exculpatory documentary evidence" that comes from either the underlying EEO Administrative review file or Plaintiff's personnel file. In the answer to each of these paragraphs, Defendant either denied the statement or claimed lack of knowledge or

4

information sufficient to form a belief. Plaintiff contends that Defendant's answers defy logic given the documentary evidence that supports each allegation.

Defendant responds that Plaintiff cannot seek to strike Defendant's responses simply because Plaintiff disagrees with the responses. Defendant further states that some of the referenced exhibits were of poor copy quality making it difficult to discern signatures, dates, and whether the document was a final copy or a draft. Defendant represents that her responses reflect her different interpretation of the documents. Defendant also notes that her investigation continues regarding the circumstances related to the documented events.

The Court finds that Defendant has provided a response to each of the identified paragraphs that complies with Rule 8. The fact that Plaintiff disputes Defendant's responses or the veracity of the responses is not a basis for striking them. The Court denies the Motion to Strike Paragraphs 23, 29, 31, 39, 43, 50, 51, 53, and 56 of the Answer.

4. *Paragraph 49*

Plaintiff argues that Defendant failed to provide any answer to Paragraph 49 of the Third Amended Complaint. This is incorrect. Defendant answered Paragraph 49. The Court denies the Motion to Strike on this basis.

5. *Paragraphs 34 and 35*

Plaintiff asks the Court to strike Paragraphs 34 and 35 of the Answer as not relevant. Having reviewed the paragraphs, the Court finds that the additional information contained in the paragraphs is relevant to the subject matter, provides clarification, and does not prejudice Plaintiff. The Court denies the Motion to Strike on this basis.

## B. Affirmative Defenses

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure" and "must set forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)).

Plaintiff asks the Court to strike all eight of Defendant's affirmative defenses, arguing that they are not applicable to this matter. Plaintiff cites Federal Rules of Civil Procedure 8(c) and 12(b) as setting forth the affirmative defenses that are available to be asserted. Defendant represents in its response brief that it does not object to striking Affirmative Defenses 1, 7, and 8. Accordingly, the Court grants the Motion to Strike as to those three defenses and strikes Affirmative Defenses 1, 7, and 8. The Court considers the remaining arguments in turn.

Affirmative Defense 2 provides: "Defendant denies that Bernyce Thompson is a defendant in this case. Plaintiff's Third amended complaint fails to state a claim upon which relief can be granted against Bernyce Thompson." Plaintiff argues that reference to Bernyce Thompson as a "defendant" was an inadvertent error when he drafted the Third Amended Complaint. Defendant responds that, because Plaintiff is pro se, Defendant did not move to strike the reference but rather preserved the defense based on the language of the Amended Complaint. "Failure to state a claim" is a recognized defense under Federal Rule of Civil Procedure 12(b)(6), and Federal Rule of Civil Procedure 12(h)(2) provides that the defense may be brought either in a pleading or by motion. The Court denies the Motion to Strike as to Affirmative Defense 2.

Affirmative Defense 3 provides: "Plaintiff's Third Amended Complaint fails to state a claim or any claim upon which relief can be granted." Plaintiff argues that Defendant has not sufficiently alleged facts in support of this claim. Although "failure to state a claim" is a recognized defense

6

under Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 12(h)(2) provides that the defense may be brought either in a pleading or by motion, Defendant has not pleaded any facts in support. Thus, the defense is insufficiently pleaded. The Court grants the Motion to Strike in part and strikes Affirmative Defense 3.

Affirmative Defense 4 provides: "Plaintiff's claims are limited to the allegations set forth and exhausted in his administrative EEO complaint." Plaintiff's motion essentially asserts that, because he exhausted his administrative remedies, the affirmative defense should be stricken. A motion to strike is not the proper vehicle for addressing the merits of a defense. Affirmative Defense 4 puts Plaintiff on notice that some or all of his claims may be barred from consideration in this lawsuit. The Court denies the Motion to Strike as to Affirmative Defense 4.

Affirmative Defense 5 provides: "Plaintiff's claims are barred to the extent that they are untimely." Plaintiff argues that his lawsuit was commenced within 90 days of receiving the EEOC Right to Sue letter. Defendant notes that Plaintiff's Third Amended Complaint alleges several dates and claims. Again, Plaintiff's challenge on the merits of the affirmative defense is not properly brought in this motion. The Court denies the Motion to Strike as to Affirmative Defense 5.

Finally, Affirmative Defense 6 provides: "Plaintiff cannot establish a prima facie case in his causes of action." Plaintiff argues that, once Defendant files a proper Answer, his prima facie case will be established. Again, Plaintiff's challenge on the merits of the affirmative defense is not properly brought in this motion. The Court denies the Motion to Strike as to Affirmative Defense 6.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** Plaintiff's Motion to Strike Defendant's Answers and Affirmative Defenses to Plaintiff's Modified Verified Third Amended Complaint Pursuant to FRCP Rule 12(f) [DE 74] and **STRIKES** portions of the Answer and Affirmative Defenses [72] as set forth in this Opinion and Order. The Court **GRANTS** Defendant up to and including **June 23, 2016**, to **FILE** an Amended Answer as set forth above.

SO ORDERED this 10th day of June, 2016.

 s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   Pro se Plaintiff