# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| DAVID R. DYSON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:14-CV-389-PRC |
| | ) | |
| MEGAN J. BRENNAN, sued in her official | ) | |
| capacity as Postmaster General, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Partial Motion for Judgment on the Pleadings for Counts I and II of the Modified Verified Third Amended Complaint Pursuant to FRCP Rule 12(c) [DE 92], filed by Plaintiff David R. Dyson, pro se, on July 20, 2016. Defendant Megan J. Brennan, sued in her official capacity as Postmaster General, filed a response on August 2, 2016,[1] and Plaintiff filed a reply on August 9, 2016.

## PROCEDURAL AND FACTUAL BACKGROUND

On April 4, 2016, Plaintiff filed a Modified Verified Third Amended Complaint, alleging race and sex discrimination, hostile work environment, and retaliation in Counts I, II, III, and IV, respectively. Defendant filed an Amended Answer on July 1, 2016.

Plaintiff offers Paragraphs 1-17 of the Third Amended Complaint as the factual basis for the instant motion. The following are Paragraphs 4-17 of the Third Amended Complaint, which are relevant to this motion, followed by Defendant's Amended Answer to each:

---

[1] In her response brief, Defendant objects that Plaintiff's motion does not comply with Northern District of Indiana Local Rule 7-1(b)(1) because Plaintiff did not file a separate supporting brief. However, because Plaintiff is pro se, the Court construes the "Argument" section of Plaintiff's Motion as a memorandum consistent with the spirit of the Local Rule.

4. The Plaintiff, DAVID R. DYSON (sometimes hereinafter referred to as plaintiff "Dyson" at all relevant times mentioned hereinafter) is a male human being of African Origin/African National Ancestry in the Authority and Land Territory of the United States of American pursuant to Article IV Section 2 Clause 3 of the United States Constitution for the convenience of the Government, by the force of arms of legislative amendments of the United States Constitution by the forcible and unilateral inclusion and association of him as a citizen through the Constitution and its 13th, 14th, 15th and 16th Amendments, who is presently employed as a MPE Mechanic with U.S. Postal Services P & DC Gary, Indiana, and who presently resides at 13731 South Lawndale Avenue in the Village of Robbins, County of Cook, State of Illinois. Also, plaintiff Dyson is a regular union dues paying member of the American Postal Workers Union, AFL-CIO, in good standings[sic].

   ANSWER: Defendant admits that Plaintiff is employed at the United States Postal Service Gary PDC located in Gary, Indiana as a Mail Processing Equipment (MPE) Mechanic. Defendant admits that Plaintiff is male. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's ancestry, his residency, his standing with the American Postal Workers Union ("APWU") and whether he pays regular dues to the APWU, and therefore, those allegations are denied. Defendant denies the remaining allegations in paragraph 4 of the third amended complaint.

5. The Defendant, Megan J. Brennan (sometimes hereinafter referred to as defendant "Brennan" at all relevant times mentioned hereinafter) is the Post Master General and Chief Executive Officer of U.S. Postal Services Gary P &DC Gary, Indiana. When engaged in the conduct complained of, via the conduct of U.S. Postal Services, Gary P & DC's personnel Lawanda Fox, Karla Forte and Bernyce Thompson, did so while acting within the course and scope of her duties as Post Master General & Chief Executive Officer of U.S. Postal Services Gary P & DC Gary, Indiana. Defendant Brennan is being sued directly in Counts I-IV Title VII claims.

   ANSWER: Defendant admits that Megan J. Brennan became the Postmaster General in February 2015. Defendant denies the remaining allegations in paragraph 5 of the amended complaint.

6. I, David R. Dyson, declare if called upon could competently testify to the following facts from my own personal knowledge.

   ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's personal knowledge, and therefore, those allegations are denied.

7. I was initially employed at South Suburban Postal Services, P & DC, during the year 1991 at which time I became a member of the American Postal Workers Union, and I subsequently transferred to defendant Gary P & DC, Gary Indiana in January of 1995.

   ANSWER: Defendant admits that Plaintiff was hired at the Fox Valley, Illinois Processing and Distribution Center, (PDC), in 1991, and transferred to the Gary PDC in January 1995. Defendant lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's membership with the APWU, and therefore, those allegations are denied. Defendant denies the remaining allegations in paragraph 7 of the third amended complaint.

8. The terms and conditions of my, plaintiff Dyson, continuous employment with defendant Services are clearly set forth in the Collective Bargaining Agreement Between American Postal Workers Union, AFL-CIO and U.S. Postal Services.

   ANSWER: Defendant admits that the exclusive bargaining representative for Plaintiff is the APWU. Defendant admits that the APWU collective bargaining agreement contains terms and conditions of his employment. Defendant denies that the APWU collective bargaining agreement is the only source containing Plaintiff's terms and conditions of employment. Defendant denies the remaining allegations in paragraph 8 of the third amended complaint.

9. Article 2, Section 1 of the Collective Bargaining Agreement Between American Postal Workers' Union, AFL-CIO and U.S. Postal Services, states; "the Employer and the Union agree that there shall be no discrimination by the Employer or the Union against employees because of race, color, creed, religion, national origin, sex, age, marital status ---- In addition, consistent with other provisions fo this Agreement, there shall be no unlawful discrimination against handicapped employees, as prohibited by the Rehabilitation Act." (A true and accurate copy of Article 2, Section 1 of the Collective Bargaining Agreement Between American Postal Workers' Union, AFL-CIO and U.S. Postal Services was made part of the verified original complaint).

   ANSWER: Defendant admits this allegation.

10. That on the 19th day of September, 2012, U.S. Postal Services, Gary P & DC posted the work schedule for the time period September 22 - 28, 2012, showing me, plaintiff Dyson, being scheduled to work overtime on Sunday, September 23, 2012 (A true and accurate copy of the defendant Services'

September 19, 2012 posted work schedule was made part of the verified original complaint).

ANSWER: Defendant admits this allegation.

11. That on or about the 20th day of September, 2012, I, plaintiff Dyson telephone called U.S. Postal Services Gary P & DC to place it on formal notice that I would be unable to come to work on the 20th and 21st due to an unexpected family emergency.

ANSWER: Defendant admits that, on or about September 20, 2012, Plaintiff called Defendant to report that he would not be at work on service date September 21, 2012, and September 22, 2012 due to a family emergency. Defendant denies the remaining allegations in paragraph 11 of the third amended complaint.

12. That on or about the 21st day of September, 2012, I, plaintiff Dyson, was contacted by U.S. Postal Services Gary P & DC's Maintenance Supervisor, Ronald Avina, who informed me, Plaintiff Dyson, that my scheduled overtime for September 23, 2012 was canceled.

ANSWER: Defendant admits that Supervisor of Maintenance Operations Ronald Avina contacted Plaintiff and informed him that his overtime for September 23, 2012 was cancelled. Defendant lacks knowledge or information sufficient to form a belief about the truth of the date in which Ronald Avina called Plaintiff and, therefore, those allegations are denied.

13. That on or about the 22nd day of September, 2012, I, plaintiff Dyson contacted Maintenance Manager Lawanda Fox to ascertain the validity of the claim by Ronald Avina that my scheduled overtime for September 23, 2012 had been canceled.

ANSWER: Defendant admits that Plaintiff contacted Lawanda Fox to confirm that his overtime for September 23, 2012 was cancelled. Defendant lacks knowledge or information sufficient to form a belief about the truth of the date in[sic] which Plaintiff called Lawanda Fox and, therefore, those allegations are denied.

14. That without affording me, plaintiff Dyson, with a reason for the scheduled overtime for September 23, 2012 being canceled. Lawanda Fox informed me that the cancellation of my scheduled overtime work for September 23, 2012 was true.

ANSWER: Defendant admits that Lawanda Fox informed Plaintiff that his overtime for September 23, 2012 was cancelled. Defendant denies the remaining allegations in paragraph 14 of the third amended complaint.

15. That on or about the 9th day of October, 2012, U.S. Postal Services Gary P & DC Maintenance Mechanic, Paula Garton— Caucasian American female person - submitted a request for leave of absence from work on the 25th and 26th day of October, 2012, which request was denied (A true and accurate copy of Paul Garton's October 9, 2012 submitted Notification of Absence was made part of the verified original complaint).

    ANSWER: Defendant admits this allegation.

16. That on or about the 24th day of October, 2012, Maintenance Mechanic, Paula Garton - Caucasian American female person - contacted U.S. Postal Services, Gary P & DC about her being unable to report for duty on the 25th and 26th day of October, 2012 (A true and accurate copy of Paula Garton's October 24, 2012 Request for a Notification of Absence was made part of the verified original complaint).

    ANSWER: Defendant admits this allegation.

17. That after Paula Garton's two (2) day –i.e., October 25 & 26, 2012- absence from work. Neither did Ronald Avina, nor did any other personnel of U.S. Postal Services, Gary P & DC either contact Paula Garton, or cancel her, Paula Garton, scheduled overtime work in the self[sic] same manner which was done to me, plaintiff Dyson.

    ANSWER: Defendant admits that Paula Garton's overtime scheduled for October 28, 2012 was not cancelled. Defendant denies the remaining allegations in paragraph 17 of the third amended complaint.

**ANALYSIS**

In the instant motion, Plaintiff seeks judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) as to his claims of race and sex discrimination alleged in Counts I and II of the Third Amended Complaint. Rule 12(c) provides that a party may move for judgment on the pleadings after the complaint and answer have been filed. *See* Fed. R. Civ. P. 12(c); *Supreme Laundry Serv., L.L.C. v. Hartford Cas. Ins. Co.*, 521 F.3d 743, 746 (7th Cir. 2008). The pleadings

consist of "the complaint, the answer, and any written instruments attached as exhibits." *Hous. Auth. Risk Retention Grp., Inc. v. Chi. Hous. Auth.,* 378 F.3d 596, 600 (7th Cir. 2004). When a plaintiff moves under Rule 12(c) to win his case "on the basis of the underlying substantive merits," the correct standard "is that applicable to summary judgment, except that the court may consider only the contents of the pleadings." *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993).

Under that standard, motion for summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when no material fact is disputed and the moving parties are entitled to judgment as a matter of law, meaning that no reasonable jury could find for the other party based on the evidence in the record." *Carman v. Tinkes*, 762 F.3d 565, 566 (7th Cir. 2014). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *McDowell v. Vill. of Lansing*, 763 F.3d 762, 764, 765 (7th Cir. 2014); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

In the instant motion, Plaintiff contends that, because Defendant admitted the facts presented in Paragraphs 6-17 of the Third Amended Complaint, there does not exist any conflict about the facts supporting the claims of unlawful race and sex discrimination forbidden by Title VII.

Title VII provides:

It shall be an unlawful employment practice for an employer–

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a).

In his motion, Plaintiff argues that the facts set forth in Paragraphs 6-17 of the Third Amended Complaint demonstrate the disparate treatment he received in comparison with his co-worker, Paula Garton, who is a white female, namely that his overtime hours were taken away and hers were not when each missed two days of work. He then asserts that Defendant admitted those facts, establishing that no material issue of fact remains to be resolved about the violation of § 2000e-2 and, thus, he is entitled to judgment as a matter of law on Counts I and II for race and sex discrimination. Defendant responds that the admitted facts are insufficient to meet Plaintiff's burden of proving intentional discrimination.

Because Plaintiff is the party seeking judgment as a matter of law, the Court looks to Plaintiff's burden at trial, which is to prove that Defendant treated Plaintiff differently than Paula Garton because of Plaintiff's race and sex when Defendant removed Plaintiff's scheduled overtime hours after he missed two days of work and when Defendant did not remove Garton's scheduled overtime hours after she missed two days of work. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993). "Discriminatory intent" is the "defining element" of a Title VII disparate treatment claim. *Green v. Brennan*, 136 S.Ct. 1769, (2016) (J. Alito, concurrence) (quoting *Ledbetter v.*

*Goodyear Tire & Rubber Co.*, 550 U.S. 618, 624 (2007)); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 730-31 (7th Cir. 2014).

Although it is possible that the evidence may ultimately support a jury verdict that Plaintiff was treated differently than Garton because of his race and/or sex, Plaintiff has not demonstrated through his allegations that there is no genuine issue of material fact as to Defendant's motivation for removing Plaintiff's scheduled overtime. In its Amended Answer, Defendant specifically denies the allegation in Paragraph 63 of the Third Amended Complaint that Defendant "acted in accordance with and was motivated by racial animus toward" Plaintiff and denies the allegation in Paragraph 67 of the Third Amended Complaint that Defendant "acted in accordance with and was motivated by gender animus toward" Plaintiff. (Third Am. Comp. ¶¶ 63, 67); *see also* (Def. Am. Answer to Third Am. Compl. ¶¶ 63, 67). Plaintiff does not offer any facts demonstrating that race-based or sex-based animus was the motivation for Defendant's actions. Also, Plaintiff has not established that he and Garton are similarly situated for purposes of comparing their treatment by Defendant. For example, Plaintiff does not allege that he, who was a union Mailing Process Equipment mechanic, and Paula Garton, who was a maintenance mechanic, were subject to the same rules regarding overtime hours or had their schedules maintained by the same supervisor/manager. Nor does Plaintiff allege facts demonstrating any similarity in the circumstances of their requests for time off, other than the number of days requested. Because there are plausible nondiscriminatory reasons for the difference in treatment, Plaintiff has not proven that he is entitled to judgment on Counts I and II of the Third Amended Complaint at this stage of the litigation.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Partial Motion for Judgment on the Pleadings for Counts I and II of the Modified Verified Third Amended Complaint Pursuant to FRCP Rule 12(c) [DE 92].

SO ORDERED this 15th day of September, 2016.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc:   Pro se Plaintiff